AF Approval ___JH___                                    Chief Approval ___CK___


UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 6:23-cr-09-PGB-EJK

SEAN MICHAEL ALBERT

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, SEAN MICHAEL ALBERT and the attorney for the defendant, Joshua Lukman, mutually agree as follows:

### A.    Particularized Terms

1.    Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Indictment and to the Special Finding charged in the Indictment. Count One charges the defendant with making threats in interstate commerce, in violation of 18 U.S.C. § 875(c). The Special Finding charges the defendant with intentionally selecting members of the LGBTQ+ community as the objects of the defendant's threats based on their actual or perceived sexual orientation.

Defendant's Initials _SA_

2. <u>Maximum Penalties</u>

Count One carries a maximum sentence of 5 years' imprisonment, a fine of up to $250,000, a term of supervised release of not more than 3 years, and a special assessment of $100 per felony count. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

The Special Finding carries a three-level increase in the offense level under the United States Sentencing Guidelines.

3. <u>Elements of the Offense</u>

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First: The defendant knowingly sent a message in interstate commerce containing a true threat to injure the person of another; and

Second: the defendant sent the message with the intent to communicate a true threat or with the knowledge that it would be viewed as a true threat.

A "true threat" is a serious threat—not idle talk, a careless remark, or something said jokingly—that is made under circumstance that would place a reasonable person in fear of being injured or in fear of another person being injured.

Defendant's Initials S A                2

Special Finding:   In transmitting the communication containing a threat to injure a person of another, the defendant intentionally selected members of the LGBTQ+ community as the objects of his threat based on their actual or perceived sexual orientation.

4.   No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the offense of conviction.

5.   Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

Defendant's Initials _S A_          3

6.     <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials _SA_          4

7.      Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action.  The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered.  In the event the forfeiture is omitted from the judgment, the

Defendant's Initials _SA_                              5

defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete

Defendant's Initials _S A_                         6

information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

Defendant's Initials _S A_                     7

8.    Abandonment of Property - Computer Equipment

The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of the Federal Bureau of Investigation or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c), and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which he has pled guilty. As such, defendant hereby relinquishes all claim, title and interest he has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of: Apple iPhone XS Max Gold 256GB VZ,

Defendant's Initials _SA_                    8

device ID #89148000005015930167, IMEI 353106101546586; and LG

Cellphone Model LG L35501, Serial Number 105V7KE0775853.

## B.   Standard Terms and Conditions

### 1.   Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition

to or in lieu of any other penalty, shall order the defendant to make restitution

to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses

described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant

to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663,

including restitution as to all counts charged, whether or not the defendant

enters a plea of guilty to such counts, and whether or not such counts are

dismissed pursuant to this agreement.  The defendant further understands that

compliance with any restitution payment plan imposed by the Court in no

way precludes the United States from simultaneously pursuing other statutory

remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not

limited to, garnishment and execution, pursuant to the Mandatory Victims

Restitution Act, in order to ensure that the defendant's restitution obligation is

satisfied.

On each count to which a plea of guilty is entered, the Court shall

impose a special assessment pursuant to 18 U.S.C. § 3013.  The special

Defendant's Initials _S A_                              9

assessment is due on the date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any

Defendant's Initials _S A_              10

misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.      Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information

Defendant's Initials _S A_                        11

concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make

Defendant's Initials _SA_                    12

with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this

Defendant's Initials _SA_                    13

office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.     Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.     Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront

Defendant's Initials _SA_                    14

and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials _SA_                    15

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __23__ day of June, 2023.

<div style="margin-left:50%">

ROGER B. HANDBERG
United States Attorney

</div>

_____
Sean Michael Albert
Defendant

_____
for Kara M. Wick
Assistant United States Attorney

_____
Joshua Lukman
Attorney for Defendant

_____
for Michael Felicetta
Assistant United States Attorney
Chief, Orlando Division

Defendant's Initials __SA__                    16

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 6:23-cr-09-PGB-EJK

SEAN MICHAEL ALBERT

PERSONALIZATION OF ELEMENTS

First:        Did you knowingly send a message in interstate commerce
              containing a true threat to injure the person of another?
              and

Second:       Did you send the message with the intent to communicate
              a true threat or with the knowledge that it would be
              viewed as a true threat?

A "true threat" is a serious threat—not idle talk, a careless remark, or
something said jokingly—that is made under circumstance that would place a
reasonable person in fear of being injured or in fear of another person being
injured.

Special Finding:   In transmitting the communication containing a threat to
                   injure a person of another, did you intentionally select
                   members of the LGBTQ+ community as the objects of
                   your threat based on their actual or perceived sexual
                   orientation?

Defendant's Initials _SA_                    17

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 6:23-cr-09-PGB-EJK

SEAN MICHAEL ALBERT

## FACTUAL BASIS

On December 13, 2022, in the Middle District of Florida, Sean Michael ALBERT knowingly transmitted in interstate commerce a communication containing a threat to injure the person of another with the intent to communicate a true threat and with the knowledge that the communication would be viewed as a true threat.[1] Specifically, ALBERT posted the following message on Discord, an online social media platform headquartered in San Francisco, California: "600 W College Ave, Tallahassee, FL 32306. At 13:00 December 17, 2022 100 FA****S Will Die, Cya there!"  That message was posted along with a picture of an AR-15 style firearm.  Together, the posted message and picture of the firearm are hereinafter referred to as the "Threat." The Threat posted by ALBERT used an unredacted slur for members of the LGBTQ+ community.  In transmitting the Threat, ALBERT intentionally

---

[1] A "true threat" is a serious threat—not idle talk, a careless remark, or something said jokingly—that is made under circumstance that would place a reasonable person in fear of being injured or in fear of another person being injured.

Defendant's Initials _S A_                     18

selected members of the LGBTQ+ community as the objects of his Threat based on their actual and perceived sexual orientation.

On December 16, 2022, the FBI in Orlando received information that an imminent threat to life (that is, the above-described Threat) had been posted to Discord on December 13, 2022. The user who posted the Threat used the moniker "BloodStainedSand#0088." A redacted screenshot of the Threat is below:



The address included in the Threat is the address of Florida State University.

Discord voluntarily provided Internet Protocol ("IP") address information for the post, as well as subscriber information linked to that user account. Specifically, the username "BloodStainedSand#0088" was registered

Defendant's Initials $\underline{S\ A}$                    19

using the email address vurtisbossmaster@gmail.com on or around January 24, 2021.

Record checks indicated that the relevant IP address for the Threat resolved to an account held by the internet service provider Charter Communications. In response to an Emergency Disclosure Request, Charter Communications provided the subscriber information for that IP address. That information indicated that the originating, resolved IP address for the Threat corresponded to ALBERT's known address, located in Winter Park, in the Middle District of Florida (the "Winter Park Residence"), as listed on ALBERT's Florida driver's license at the time the Threat was made.

Records were also obtained from Google LLC ("Google") for subscriber information for the email account *vurtisbossmaster@gmail.com*. The subscriber records showed that this account was created on or about April 6, 2015, and it was still in use, with numerous logins as recently as October 15, 2022. The recovery email address for *vurtisbossmaster@gmail.com* was another Gmail account: *seanmichaelalbert7@gmail.com*. This suggested that ALBERT was the user of *vurtisbossmaster@gmail.com*, which was associated with the Discord account at issue. Additionally, the phone number that was listed as the recovery number (ending in 0745) for the Gmail account *vurtisbossmaster@gmail.com* was identified as previously belonging to ALBERT. The records from Google

Defendant's Initials _SA_                    20

further showed that the billing name for the account's Google Pay services was "Sean Albert," with a billing address in Rockville, Maryland, which was one of ALBERT's addresses.

During an interview, ALBERT's Winter Park Residence roommate stated that he/she (the roommate) had witnessed ALBERT use ALBERT's personal cell phone, assigned phone number (XXX) XXX-0510, to post and communicate on social media, including Discord and Instagram. Records obtained from Verizon Wireless indicated that phone number (XXX) XXX-0510 was associated with an Apple iPhone XS Max Gold 256GB VZ, device ID #89148000005015930167, IMEI 353106101546586 (the "iPhone"). As of at least December 28, 2022, the iPhone was still active with ALBERT's account with Verizon. ALBERT appeared to have used the iPhone since July 26, 2022, when it was registered as the primary device for his phone number.

Meanwhile, FBI determined that, on December 16, 2022, ALBERT traveled on a flight from Orlando International Airport ("MCO") to Ronald Reagan Washington National Airport in Washington, DC. In anticipation of his return to Orlando, FBI obtained a federal search warrant for the iPhone. On January 1, 2023, ALBERT flew from the Washington, DC area back to Orlando. Upon ALBERT's arrival at MCO, FBI agents approached ALBERT and asked whether he would voluntarily speak with them. After being informed

Defendant's Initials _SA_                          21

of his ability to refuse the interview and to terminate it at any time, ALBERT agreed to be interviewed. The iPhone, along with another cellular device, an LG Cellphone Model LG L35501, Serial Number 105V7KE0775853 (together, the "Target Phones"), were seized from ALBERT following the interview.

During the interview, ALBERT was asked why he thought he was being interviewed. After providing other possibilities, ALBERT responded that it was probably because "[he] made a post online that may be perceived as a mass shooting threat." ALBERT admitted during the interview to posting the Threat to a Discord server[2] using the username BloodstainedSand#0088 that is linked to the email address *vurtisbossmaster@gmail.com*. Albert verified that the image of the firearm used in the Threat was an image he copied from another online website. ALBERT stated that the post was meant to be "ironic," "satirical," and "a joke." However, when asked if ALBERT knew the location of the address which he referenced in the posted threat, ALBERT acknowledged knowing the address belonged to a Florida University. When asked why he picked that address to reference in the threat, ALBERT stated the reason was because it would get the most reaction from those on the Discord server.

---

[2] ALBERT described the specific Discord server where the post was made as a server filled with extreme controversial ideology and potentially other illegal content.

Defendant's Initials _SA_                    22

Additionally, forensic analysis of the Target Phones has revealed several videos and images disparaging members of the LGBTQ+ community, including videos encouraging the murder of members of that community. There were also a series of searches made on the iPhone that included the following: a search for "sonic las vegas shooting" on or about December 18, 2022; searches for "fal rifle" (a rifle similar to an AK47) on or about December 22, 2022; searches for "fal rifle ammunition" on or about December 22, 2022; and searches for "maps lgbtq" on or about December 23, 2022.

Investigation revealed that, prior to the posting of the Threat, ALBERT had engaged in other concerning online rhetoric, including online posts on various online platforms that were racist, anti-semitic, and/or anti-LGBTQ+. ALBERT had also previously been dismissed from the military as a result of concerning comments he made about a mass-shooting and had been expelled from a local university as a result of his threatening comments and behavior.

Defendant's Initials _S A_                    23